**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CAMILO SIERRA MEJIA, | No. 08-72619 |
| Petitioner, | Agency No. A055-219-282 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009 [**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Juan Camilo Sierra Mejia, a native and citizen of Colombia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JT/Research

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Sierra Mejia's brother's death and the threats against his uncle do not constitute persecution. *See Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991) (requiring that any pattern of persecution against family members be "closely tied to the petitioner"). Further, substantial evidence supports the agency's conclusion that Sierra Mejia failed to establish young men who formerly served in the military constitute a particular social group. *See id.* Finally, because Sierra Mejia failed to exhaust his contentions that he is eligible for asylum on account of his political opinion and his familial relationship to his brother and uncle, we do not consider them here. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Accordingly, Sierra Mejia's asylum claim fails.

Because Sierra Mejia failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT protection because Sierra Mejia failed to show it is more likely than not that he would be subject to torture if returned to Colombia. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir. 2004).

Sierra Mejia's contention that the agency failed to consider all of the reports he submitted with respect to conditions in Colombia fails because he did not overcome the presumption that the agency considered the reports, *see Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000), and he failed to demonstrate prejudice, *see Cuadras v. INS*, 910 F.2d 567, 573 (9th Cir. 1990).

**PETITION FOR REVIEW DENIED.**